UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RODERICK PHILLS | CIVIL ACTION |
| VERSUS | NO. 13-3753 |
| PSC INDUSTRIAL OUTSOURCING, LP, ET AL | SECTION "N" (3) |

**ORDER AND REASONS**

Before the Court is a motion for voluntary dismissal, filed by plaintiff pursuant to Fed. R. Civ. P. 41(a)(2), **(Rec. Doc. 12)**.

"The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Manshack v. Southwestern Elec. Power Co.,* 915 F.2d 172, 174 (5th Cir. 1990) (quoting 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2364 at 165 (1971)) (internal quotations omitted). Thus, "courts have generally followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* In this case, the defendants will suffer no unfair prejudice from the plaintiff's voluntary dismissal. The case was filed on April 10, 2013 and removed to this Court on May 22, 2013. There has been no motion practice. A scheduling order was just issued two days ago and had not been issued at the time the motion was filed on July 3, 2013. Hilcorp

Energy Company's[1] sole objection is that the plaintiff might re-file his suit in Lafayette, Louisiana, in the Western District, which is inconvenient to Hilcorp. If this transpires, Hilcorp is free to file a motion for transfer. This is not sufficient reason to deny the plaintiff the right to dismiss his claims. Accordingly,

**IT IS ORDERED** that the motion (**Rec. Doc. 12**) is **GRANTED**, and the plaintiff's claims in this matter are hereby **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 29th day of July, 2013.

**KURT D. ENGELHARDT**
**United States District Judge**

---

[1] No other defendant opposes the plaintiff's motion.